UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **MICHAEL W. DUNCAN,** | CASE NO.: 3:18cv227 |
| **Plaintiff,** | THE HON. |
| v. | |
| **UNITED STATES OF AMERICA,** | **COMPLAINT** |
| **Defendant.** | |

1. Michael W. Duncan (hereinafter "Plaintiff" or "Mr. Duncan") brings this Complaint against the United States of America ("United States") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b).

2. Plaintiff has exhausted his claims by filing the required administrative claim, in accordance with the provisions of 28 U.S.C. §§ 2671-2680, with the Department of Veterans Affairs (*See* Exhibit A); having his administrative claim denied (*See* Exhibit B); filing a request for reconsideration of the denial of his administrative claims with the Department of Veterans Affairs (*See* Exhibit C); and having his request for reconsideration denied by the Department of Veterans Affairs (*See* Exhibit D) (the "Tort Claims Procedure").

### INTRODUCTION

3. This action seeks damages for the personal injuries of Michael W. Duncan resulting from certain medical care and treatment he received at the Hunter Holmes McGuire VA Medical Center, Richmond, Virginia ("Richmond VAMC") on July 24, 2015. More specifically, a hot water enema administered by Mr. Duncan's treating providers was negligently performed, which negligence led to Mr. Duncan's personal injury. Mr. Duncan's treating providers at the Richmond VAMC were employees or agents of the United States and were acting within the scope of their

federal employment at the time(s) of the negligent acts or omissions complained of herein and would be liable to Plaintiff under Virginia law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this Complaint against the United States for money damages pursuant to 28 U.S.C. § 1346(b)(1).

5. The acts or omissions giving rise to this Complaint occurred in the Eastern District of Virginia, Richmond Division. Venue is therefore proper under 28 U.S.C. § 1402(b).

## PARTIES

6. Plaintiff Michael W. Duncan is an adult resident of Columbia, Virginia, an unincorporated community in Fluvanna County. His address is 137 Crump Road, Columbia, Virginia 23038.

7. Defendant United States of America is sued for Mr. Duncan's personal injuries caused by the negligent acts or omissions of its employees or agents. Those employees or agents were acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the Commonwealth of Virginia. *See* 28 U.S.C. § 1346(b).

## ALLEGATIONS

8. Mr. Duncan was admitted to the Richmond VAMC on or about July 23, 2015 with a one-day history of nausea and vomiting, increasing abdominal pain, and rigors. He had a history of chronic pain that required opiate management, chronic constipation, and ischemic colitis.

9. On July 24, 2015, a tap water enema was ordered by one of Mr. Duncan's treating physicians.

10. At or about 3:00 p.m. on July 24, 2015, the tap water enema was administered by Pamela Jones, R.N. ("Nurse Jones").

11. The tap water used by Nurse Jones to perform the enema was scolding hot. Mr. Duncan complained of severe pain as soon as Nurse Jones started to administer the enema, but she continued to administer the enema despite his repeated complaints and demands that she stop the enema. The tap water enema scalded Mr. Duncan's rectum.

12. Nurse Jones entered at least two separate notes documenting that the enema was administered with minimal results; however, Nurse Jones made no mention of any difficulty performing the enema or of any discomfort experienced by Mr. Duncan at the time the enema was performed.

13. Mr. Duncan was seen by Andrew Percy, a medical student, at or about 7:00 a.m. on July 25, 2015. Mr. Percy's interval history states that Mr. Duncan "Did not tolerate the tap water enema yesterday afternoon, complaining that the water was scalding hot and that he couldn't hold it in."

14. At or about 10:31 a.m. on July 25, 2015, Reinaldo Garcia, an Internal Medicine resident, noted that Mr. Duncan "yesterday did not have bowel movement after not tolerating tap water enema (due to hot water being used)."

15. Mr. Duncan was discharged from the Richmond VAMC on July 27, 2015.

16. On July 28, 2015, Mr. Duncan had a telephone conversation with Priscilla Williams, R.N. ("Nurse Williams") to follow-up on his recent admission. At that time, Mr. Duncan informed Nurse Williams that he had rectal blistering, that his pain level was 7 out of 10, that the pain was in his rectum, that he had open sores or wounds, and that he had been mistreated during a hot water enema. Nurse Williams also noted that Mr. Duncan planned to see an outside physician

for a second opinion regarding his rectal burns.

17. On August 3, 2015, Mr. Duncan notified Ida Foster, M.D. ("Dr. Foster"), his primary care physician at Richmond VAMC, that he was "still wearing diapers" and that it was "very humiliating."

18. Mr. Duncan saw Robert S. Flynn, M.D. ("Dr. Flynn) at Richmond Gastroenterology Associates on September 15, 2015. Dr. Flynn's history of present illness for this visit notes that Mr. Duncan "reports he suffered injury during a very hot water enema" and that he "still has incontinence." Dr. Flynn's clinical impression included incontinence of feces. *See* Exhibit E.

19. On October 13, 2015, Mr. Duncan saw Dr. Flynn for follow-up of his fecal incontinence. At that time, Dr. Flynn noted "it is difficult to comment on degree of permanence of injury, although length of time it has affected the patient would suggest that this injury may have resulted in permanent injury." Dr. Flynn also discussed with Mr. Duncan the possibility of performing an anorectal manometry for further surveillance if his symptoms persist. *See* Exhibit F.

20. On November 13, 2015, Ray F. Keate, M.D. ("Dr. Keate") performed an anorectal manometry and assessment of anorectal function with balloon. Dr. Keate reported a markedly abnormal study and noted that "the sensory findings imply a capacious rectum and severe impaired sensitivity," and that "review of raw tracings shows essentially no movement of the anal sphincter with various maneuvers." *See* Exhibit G.

21. On November 20, 2015, Mr. Duncan had another follow-up visit with Dr. Flynn, at which time Dr. Flynn reviewed the manometry findings with him. Dr. Flynn's impressions again included fecal incontinence. *See* Exhibit H.

22. On January 5, 2017, Mr. Duncan had another follow-up visit with Dr. Flynn for his complaint of fecal incontinence. Dr. Flynn diagnoses again included incontinence of feces. *See* Exhibit I.

23. Mr. Duncan continues to experience fecal incontinence. His treatment records from the Richmond VAMC prior to his July 2015 admission, which date back for many years, contain no history of fecal incontinence prior to that admission.

24. Defendant, through its Veterans Affairs Medical Centers, provides medical care and treatment to eligible veterans of the U.S. Armed Forces.

25. The Richmond VAMC is, and was at all times relevant to this action, a health care provider under Virginia law. *See* § 8.01-581.1, Code of Virginia.

26. Upon information and belief, Pamela Jones, R.N. was, at all times relevant to this action, a health care provider under Virginia law (§ 8.01-581.1, Code of Virginia), and an employee or agent of the United States acting within the scope of her employment or agency at the Richmond VAMC.

27. Upon information and belief, Mr. Duncan's other treatment health care providers during his July 2015 admission were employees or agents of the United States acting within the scope of their employment or agency at the Richmond VAMC.

28. Upon information and belief, the employees or agents responsible for maintaining the water faucet, plumbing, and water supply in Mr. Duncan's hospital room bathroom during his July 2015 admission were employees or agents of the United States and acting within the scope of their employment or agency at the Richmond VAMC.

## CAUSES OF ACTION

*Negligence*

29. Plaintiff incorporates by reference the allegations contained paragraphs 1 through 27 of his Complaint, as if fully rewritten herein.

30. At all times relevant to this action, Nurse Jones owed Plaintiff a duty to exercise that degree of skill, judgment, and care expected of a reasonably competent and prudent nurse practicing under the same or similar circumstances as those involving Nurse Jones's treatment of Plaintiff on July 24, 2015.

31. At all times relevant to this action, Plaintiff's other treating health care providers at the Richmond VACM owed Plaintiff a duty to exercise that degree of skill, judgment, and care expected of a reasonably competent and prudent health care provider practicing under the same or similar circumstances as those involving Plaintiff during his July 2015 admission.

32. At all times relevant to this action, the Defendant's employees or agents responsible for maintaining the water faucet, plumbing, and water supply in Mr. Duncan's hospital room bathroom during his July 2015 admission owed Plaintiff a duty to exercise ordinary care.

33. Defendant is vicariously liable for the negligent acts or omissions of its employees or agents while acting within the scope of their employment or agency.

34. Nurse Jones and any other health care providers who participated in the performance of the tap water enema in Plaintiff's case were negligent and breached their duty and standard of care and treatment in Plaintiff's case by, *inter alia*:

    a. Failing to check the temperature of the tap water used to perform Plaintiff's tap water enema on July 24, 2015;

  b. Failing to stop the tap water enema and assess Plaintiff when he first expressed pain or discomfort during the procedure;

  c. Failing to document details of the procedure and how Plaintiff responded, other than just "minimal results;"

  d. Failing to treat Plaintiff with respect and dignity when he pleaded with Nurse Jones to stop the procedure;

  e. Failing to report Plaintiff's complaints of pain and burning to his attending physician or their supervisor(s); and

  f. Failing to consult other health care providers to assess Plaintiff when he first expressed pain or discomfort during the procedure.

35. As a direct and proximate result of negligence and breaches of the standard of care by Nurse Jones and any other health care providers whom participated in the performance of the tap water enema, Plaintiff has experienced and will continue to experience pain and suffering, has undergone additional treatment and surgery, has incurred and will continue to incur medical expenses relating to his negligent treatment, and has suffered severe and permanent injury, emotional distress, mental anguish, loss of enjoyment of life, deformity, permanent disfigurement, loss of affection, loss of income, and inconvenience.

36. The employees or agent of the Richmond VAMC responsible for maintaining the water faucet, plumbing, and water supply in Plaintiff's hospital room bathroom were negligent and breached their duty of ordinary care in Plaintiff's case by, *inter alia*:

  a. Failing to maintain the temperature of the water supply from the tap or faucet of Plaintiff's hospital room bathroom to prevent the use of scalding hot water to perform tap water enemas; and

    b. Failing to report problems with the hot water supply from the tap or faucet of Plaintiff's hospital room bathroom to Plaintiff's treating health care providers, their supervisors, or other Medical Center personnel responsible for the overall maintenance of Richmond VAMC.

37. As a direct and proximate result of negligence of the employees or agents of the Richmond VAMC responsible for maintaining the water faucet, plumbing, and water supply, Plaintiff has experienced and will continue to experience pain and suffering, has undergone additional treatment and surgery, has incurred and will continue to incur medical expenses relating to his negligent treatment, and has suffered severe and permanent injury, emotional distress, mental anguish, loss of enjoyment of life, deformity, permanent disfigurement, loss of affection, loss of income, and inconvenience.

38. The actions or omissions by federal employees described herein constitute the tort of negligence under the laws of the Commonwealth of Virginia.

39. Under the FTCA, the United States is liable for these negligent acts or omissions.

*Res Ipsa Loquitur*

40. In the alternative, Plaintiff incorporates the allegations contained paragraphs 1 through 24 of his Complaint, as if fully rewritten herein.

41. Plaintiff suffered fecal incontinence as a result of the tap water enema performed at the Richmond VAMC on July 24, 2015. His injury is one that would ordinarily not occur in the absence of negligence.

42. The tap or water faucet in Plaintiff's hospital room bathroom, tap water supply, and medical equipment used to perform the tap water enema were under the exclusive control of the Defendant and its employees or agents at all times relevant to this action.

43. The scalding tap water and the medical equipment used to perform the tap water enema caused Plaintiff's injuries and damages.

44. Plaintiff had a burn injury to his rectum and fecal incontinence at the time of his discharge from the Richmond VAMC on July 27, 2015.

45. Absent negligence on the part of the Defendant and its employees and agents, the accident and Plaintiff's injuries and damages would not have occurred.

46. Defendant has provided no explanation as to how Plaintiff's injuries and damages occurred.

47. As a direct and proximate result of his July 2015 admission to the Richmond VAMC, Plaintiff has experienced and will continue to experience pain and suffering, has undergone additional treatment and surgery, has incurred and will continue to incur medical expenses relating to his treatment, and has suffered severe and permanent injury, emotional distress, mental anguish, loss of enjoyment of life, deformity, permanent disfigurement, loss of affection, loss of income, and inconvenience.

48. Under the FTCA and laws of the Commonwealth of Virginia, the United States is liable for Plaintiff's injuries and damages.

## PRAYER FOR RELIEF

49. For the foregoing reasons, Plaintiff demands judgment against the Defendant in the amount of TWO MILLION TWO HUNDRED THOUSAND DOLLARS ($2,200,000.00), plus pre-judgment and post-judgment interest thereon, his costs expenses in this action, and for such other and further relief as this Court may deem appropriate.

Dated: April 4, 2018

Respectfully submitted,

_____
Dante M. Filetti, Esquire (VSB #30915)
FILETTI LAW, P.C.
2732 Alamance Circle
P.O. Box 56077
Virginia Beach, Virginia 23456
(757) 617-6591
dfiletti@filettilaw.com

*Counsel for Plaintiff*